No. 79.—ANDREW Y. HAMPTON, plaintiff, vs. LOUISA HAMPTON AND FRANCIS THÓMAS, Clerk, &c. defendants.

[1.] Under the Act of 1851 '2, giving a summary remedy against defaulting Clerks, who fail to certify and transmit papers to the Supreme Court, as required by law : *Held*, that to entitle a party to a rule *ni si.* as therein provided, application must be made to one of the Justices in vacation before, or to the Court in term time, at which the case was returnable; and that if the Court to which the papers were properly returnable, be suffered to elapse, and no proceedings are had against the officer, no motion will be enter- tained thereafter for that purpose.

This was an application on the part of Andrew Y. Hampton, for an order to compel Francis Thomas, Clerk of the Superior Court of Laurens County, to send up the record, bill of exceptions, writ of error and citation, to the next November Term of this Court, at Milledgeville, in a cause tried in the Superior Court of Laurens County, at March Term, 1853, wherein Louisa Hampton was complainant, and Andrew Y. Hampton, defendant.

HENRY MORGAN, for the motion.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This application is made under the 4th section of the Act of 1851-'52, " to regulate the practice of the Supreme Court," and for other purposes therein mentioned. *Acts, p.* 214, 215.   It is in these words :

" SEC. IV. *And be it further enacted,* That when any Clerk of the Superior Courts shall fail, refuse, neglect, or omit, to certify and send the whole or any part of the papers in any cause, certified to the Supreme Court, it shall and may be lawful for the party, or his or her attorney, to make oath thereof.   And upon application to any one of the Justices of the Supreme Court, either in term time or vacation, a rule *ni si.* shall issue under the order of said Justice or Court, requiring

Hampton *vs.* Hampton and another.

said Clerk to show cause why said papers should not be certified and sent up, and to show cause why he should not be punished as for a contempt, for his refusal, failure, neglect or omission of duty, which rule shall be returned to the next *or then present term of the Court, for the district to which said Clerk belongs*, under such rules and regulations, and upon such service as said Justice or Court, in vacation or term time, may direct. And upon the return of said Clerk being made, the said Court may pass such order in the premises, as may seem right and proper ; *Provided*, that no punishment for contempt as aforesaid, shall exceed that now prescribed by law for contempts."

Laurens County, where the cause was tried, to which these papers appertain, belongs to the Judicial district which meets at Milledgeville. The case was returnable to the May Term of the Court at that place ; and the motion against the defaulting Clerk is made at Americus, in July—the sessions at Milledgevile in May, and at Augusta in June, having intervened.

We are clear that it comes too late. Our construction of the Statute is, that the case being returnable to the May Term of the Court at Milledgeville, application should have been made for the rule *ni si.* either to one of the Justices of the Supreme Court, in vacation, *before* the meeting of the Court to which the papers were returnable, or to the Court itself in term time, and *at the term* to which they were returnable, and that it could not be done afterwards. And this is manifest, not only from the general tenor of the Act itself, as well as other legislation in reference to this matter, but from the phraseology of that clause in the section relative to the Clerk's return. It is to be " to the next, or *then present term* of the Court for the district to which said Clerk belongs." That is, to the term succeeding the application, if made to the Justice in vacation, or at which it is made to the Court in term time ; in other words, the Court to which the case and the papers are made returnable. If the officer can make his return to that, very well, the cause will proceed. If

Hampton *vs.* Hampton and another.

it be impossible to do so, it stands over to the next term, to allow time for this purpose.

But what reason can be assigned for suffering the term of the Court to which the case is made returnable, to transpire, and no complaint is lodged against the Clerk, and then to permit the party to come in, months afterwards, and apply for process? Is he not himself grossly negligent? And can it be supposed that the General Assembly intended to encourage such *laches?* We think not. On the contrary, we feel that to give such an interpretation to this Act, would be to deal a deadly blow to that prompt diligence, which is everywhere exacted by our organization, and which in turn imparts such energy and vitality to its practical working.